[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10330

_____

D. C. Docket No. 07-80921-CV-DMM

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 2, 2009
THOMAS K. KAHN
CLERK

RICHARD JASON BELANGER, AS PERSONAL REPRESENTATIVE OF THE
ESTATE OF RICHARD JOSE BELANGER, DECEASED,

                                        Plaintiff-Appellant,

versus

THE SALVATION ARMY,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 2, 2009)

Before EDMONDSON, Chief Judge, ANDERSON, Circuit Judge, and COHILL,[*]
    District Judge.

COHILL, District Judge:

_____

[*] Honorable Maurice B. Cohill, Jr., United States District Judge for the Western District
of Pennsylvania, sitting by designation.

Richard Jason Belanger, as son and personal representative of the Estate of Richard Jose Belanger, deceased, brought this diversity action against The Salvation Army to recover funds which The Salvation Army had obtained from a pay-on-death bank account established in the name of "Richard J. Belanger, In Trust For The Salvation Army." The Estate argues that The Salvation Army, a corporation, cannot be considered a "surviving beneficiary" under the pay-on-death account provisions of section 655.82, Florida Statutes. The district court granted a motion to dismiss in favor of The Salvation Army, finding that a corporation can be a beneficiary of a pay-on-death bank account under Florida law. The Estate appeals.

This case presents an issue of first impression: whether a corporation qualifies as a "person" permitted to be a lawful beneficiary of a pay-on-death account under section 655.82 of the Florida Statutes. We, therefore, must form a reasoned opinion as to how this statute should be interpreted. We determine that the plain language of section 655.82 permits a corporation to be a beneficiary of a pay-on-death account because the definition of the term "person" in section 1.01(3) of the Florida Statutes includes corporations. Accordingly, for the reasons set forth in greater detail below, we affirm.

## I. BACKGROUND

Richard Jose Belanger died intestate on June 7, 2007, leaving as his only

heirs-at-law his two sons Nathan Belanger and Richard Jason Belanger. Richard Jason Belanger was appointed personal representative of his father's estate. The deceased Belanger left two bank accounts at the West Palm Beach branch of Washington Mutual Bank: an individually held account in the name of the decedent only, and a pay-on-death account in the name of "Richard J. Belanger, In Trust for The Salvation Army." At the time of Mr. Belanger's death, there was approximately $14, 986.45 in the individually held account, and approximately $105,513.80 in the pay-on-death account.

On July 12, 2007, the Estate notified The Salvation Army of its intention to have the beneficiary designation of "The Salvation Army" in the pay-on-death account declared invalid on the basis that only a natural person may be the beneficiary of such an account. The Estate also proposed a resolution of the issue, offering a 50-50 split of the funds, prior to instituting a formal lawsuit. The Salvation Army indicated that its Board of Trustees would take the proposal under consideration at its next meeting. However, without notifying the Estate, the trustees passed a Resolution authorizing Captain Thomas McWilliams to present a death certificate to the bank and retrieve the funds.

On August 28, 2007, Captain McWilliams presented the death certificate to the West Palm Beach branch of Washington Mutual Bank and retrieved the sums

held in both the individual account and the payable-on-death account. On September 27, 2007, the estate received a monthly bank statement from Washington Mutual Bank indicating that both accounts had been depleted and the funds disbursed to The Salvation Army. The estate then brought suit to recover the funds alleging unjust enrichment and conversion as to the funds in both accounts.[1]

## II. STANDARD OF REVIEW

We review the grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim de novo, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262 (11th Cir. 2004). "The interpretation of a statute is a purely legal matter and therefore subject to the de novo standard of review." Kephart v. Hadi, 932 So.2d 1086, 1089 (Fla.2006), cert. denied, --- U.S. ----, 127 S.Ct. 1268, 167 L.Ed.2d 92 (2007).

## III. DISCUSSION

The issue here is whether a Corporation can be a beneficiary of a pay-on-death account based on the plain language of section 655.82, Florida Statutes. This

---

[1] The district court dismissed the claims relating to the funds in the individual account on subject matter jurisdiction grounds for failure to meet the amount in controversy requirement after first dismissing the claim regarding the pay-on-death account. Apparently the funds in the individual account were returned to Washington Mutual Bank after it notified The Salvation Army of the error. This appeal concerns only the district court's ruling on the pay-on-death account.

is an issue of statutory interpretation. Our task is to give effect to the legislative intent of the statute. Arnold, Matheny and Eagan, P.A. v. First American Holdings, Inc., 982 So.2d 628, 633 (Fla. 2008), citing Cason v. Florida Dept. of Management Services, 944 So.2d 306, 312 (Fla. 2006). "In attempting to discern legislative intent, we first look to the actual language used in the statute." Daniels v. Florida Dept. of Health, 898 So.2d 61, 64 (Fla. 2005). "When the statute is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent." Id.

Section 655.82 provides the following definition of "beneficiary:"

655.82. **Pay-on-death accounts**

(1) As used in this section:
. . .

(b) "Beneficiary" means a person named as one to whom sums on deposit in an account are payable on request after death of all parties or for whom a party is named as trustee.

§ 655.82(1)(b), Fla. Stat. The term "person" is not defined within section 655.82. Section 655.769, Florida Statutes, sets forth definitions of terms used in sections 655.77 through 655.91, but section 655.769 does not define the term "person." § 655.769, Fla. Stat. Therefore, we turn to any related statutory provisions that define the word "person." Cason, 944 So.2d at 313; see also State v. Mitro, 700 So.2d 643, 645 (Fla.1997) ( "In the absence of a statutory definition, resort may be had to case

5

law or related statutory provisions which define the term, and where a statute does not specifically define words of common usage, such words are construed in their plain and ordinary sense").

Section 1.01(3) of the Florida Statutes does provide a definition of the term "person."

### 1.01. **Definitions**

In construing these statutes and each and every word, phrase, or part hereof, where the context will permit:
. . .
(3) The word "person" includes individuals, children, firms, associations, joint adventures, partnerships, estates, trusts, business trusts, syndicates, fiduciaries, corporations, and all other groups or combinations.

§ 1.01(3), Florida Statutes.  This definition of "person" applies to section 655.82 so long as "the context permit[s]."  § 1.01(3), Fla. Stat.  We find that the context of section 655.82 plainly permits the use of the definition of "person" as set forth in section 1.01(3).  Because the definition of "person" in section 1.01(3) includes "corporations," we hold that a beneficiary of a pay-on-death account may be a corporation.  Therefore, we find that The Salvation Army is a proper beneficiary of the pay-on-death account of Richard Jose Belanger.

The Estate argues that there is an ambiguity in the context of section 655.82 that does not permit the application of the definition of "person" found in section

1.01(3) to pay-on-death accounts. The ambiguity, as explained by the Estate, is that the legislature repeatedly uses terms throughout the statute referring to conditions normally attributed only to natural persons. Most significantly the statute uses the term "surviving" to modify the term "beneficiary." Not only does the statute use various forms of the term "surviving" (for example, "survives," "survived," and "survivor"), it also refers to related terms, such as "disabled," "incapacitated," and "deceased." Finally, the statute includes references to "his" or "her," but does not use the term "it" or "its."

We disagree that the use of these terms in the context of section 655.82 precludes our applying the definition of "person" section 1.01(3). The statute at issue here contemplates that some beneficiaries of pay-on-death accounts will be natural persons. Thus we expect that the statute would address the circumstances that apply to natural persons, which a statute can do without thereby implicitly excluding non-natural persons. We cannot agree that the use of terms normally attributed only to natural persons creates an ambiguity as to whether the legislature intended to exclude corporations from being beneficiaries of a pay-on-death account.

The Estate also argues that the Florida legislature's failure to expressly include the Uniform Nonprobate Transfers on Death Act's definition of "person"

when enacting section 655.82 is evidence of the Legislature's intention to limit pay-on-death accounts to natural persons. The Estate argues that the use of the definition of "person"in section 1.01(3) is not proper in this case because the Florida Legislature in a different statute passed on the same day included the Uniform Nonprobate Transfers on Death Act's definition of "person," which expressly provides that a corporation may be a beneficiary.

The Florida Uniform Transfer-on-Death Security Registration Act defines "person" to mean "an individual, a corporation, an organization, or other legal entity." Section 711.501, Florida Statutes. The Estate argues that this shows that when the legislature meant to include artificial persons as beneficiaries it specifically provided a definition that expressly included corporations as "persons." The Estate further argues that if the definition of "person" in section 1.01(3) were intended to apply to both of the non-probate transfer on death statutes -- that is, the pay-on-death account and the transfer-on-death security registration statute -- there would have been no reason for the Florida Legislature to specifically define "person" as it did in section 711.501.

The Estate argues that the fact the Florida Legislature defined "person" to include corporations in section 711.501, but did not define "person" in section 655.82, means that in section 655.82 the legislature intended either to exclude

corporations from the definition of "person", or to limit the definition of "person" to natural persons only. There is no limitation on the term "person" in Section 655.82 indicating that the legislature was not relying on Florida's general definition of "person" found in section 1.01(3). We find that in the absence of any express intent to limit who can be a "person" under section 655.82 that the Legislature intended to rely on the definition of "person" found in section 1.01(3). We reiterate that we have found no ambiguity in section 655.82 that would require us to examine the transfer-on-death securities registration statute to assist us in ascertaining the legislative intent of section 655.82.

Finally, the Estate argues that the term "beneficiary" in the context of section 655.82 must refer to natural persons only since the common law doctrine regarding Totten trusts has always referred to bank accounts that are set up in trust for individuals, not corporations. The Estate argues that section 655.82 is the codification of the common law of Totten trusts. A Totten trust is a bank account set up by one individual to be held "in trust for" another individual. Matter of Totten, 179 N.Y. 112 (1904). Historically, only natural persons were beneficiaries of Totten trusts. Therefore, the Estate argues that as the codification of Totten trusts, section 655.82 does not contemplate that a corporation can be a proper beneficiary of an "in trust for" bank account.

Florida adopted the common law doctrine of Totten trusts in 1956. Seymour v. Seymour, 85 So.2d 726 (Fla. 1956). In 1990, the Florida Supreme Court in Shriners Hospital for Crippled Children v. Zrillic, 563 So.2d 64 (Fla. 1990), declared Florida's mortmain statute, which restricted charitable bequests, unconstitutional. After reviewing the historical justification disfavoring bequests to charities the Florida Supreme Court noted that "[o]ver time, society's attitude has changed to the point where charitable gifts, devises and trusts now are favored and will be held valid whenever possible." Id. at 68. The Florida legislature formally repealed the mortmain statute in 1991.

Section 655.82 was enacted in 1995. While the mortmain statute concerned probate rather than pay-on-death bank accounts, it is clear that the Florida Legislature enacted section 655.82 with the knowledge that society now favored charitable gifts and therefore was not enacting a codification of the common law of Totten trusts limiting beneficiaries to natural persons only. We conclude that the enactment of section 655.82 in 1995 is not a codification of the common law of Totten trusts doctrine limiting pay-on-death accounts to natural persons only.

## III. CONCLUSION

For the foregoing reasons, we affirm the district court's order granting a motion to dismiss in favor of The Salvation Army and dismissing this action.

10

AFFIRMED.