[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11291
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 13, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:09-cv-00295-LC-EMT

JUNG BEA HAN,

Plaintiff-Appellant,

versus

NICOLE MCDONALD,
Agency,
W. RICHARD FANCHER,
District Director,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 13, 2011)

Before BLACK, PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Jung Bea Han, a Florida private citizen proceeding pro se, appeals the district court's denial of his 42 U.S.C. § 1983 action against Nicole McDonald and W. Richard Fancher, employees of the Florida Department of Environmental Protection ("FDEP"). In his complaint, Han alleged that the FDEP's imposition of a monetary administrative penalty for environmental protection violations, after criminal charges for the same acts were dismissed, violated the Double Jeopardy Clause, the Due Process Clause, and the Equal Protection Clause.

On appeal, McDonald and Fancher argue that the Rooker-Feldman[1] doctrine bars this suit. Han argues that the district court improperly dismissed his case for failure to state a claim under the Double Jeopardy Clause. He also claims that the district court's consideration of McDonald and Fancher's amended motion to dismiss was improper because it violated local court rules and because the court incorrectly denied his motion for default summary judgment. Finally, Han raises an argument regarding the magistrate's "erroneous discretion" in finding that the Department's administrative actions were "legitimate."

I.

---

[1] The Rooker-Feldman doctrine derives from Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 –6, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923), and D.C. Court of Appeals v. Feldman, 460, U.S. 462, 476–82, 103 S.Ct. 1303-1311-15, 75 L.Ed.2d 206 (1983).

Because it is a jurisdictional claim, we evaluate the Rooker-Feldman claim at the outset. Such claims are reviewed de novo. Nicholson v. Shafe, 558 F.3d 1266, 1270 (11th Cir. 2009). The Rooker-Feldman doctrine generally recognizes that federal district courts do not have jurisdiction to act as appellate courts to review final state court decisions. Id. at 1272. The Supreme Court has held that the Rooker-Feldman doctrine is confined to cases that are "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 1521–22, 161 L.Ed.2d 454 (2005).

We have interpreted Exxon Mobil to confine the Rooker-Feldman doctrine only to instances where the state court proceedings have ended at the time the federal action is filed. Nicholson, 558 F.3d at 1279 ("[S]tate proceedings have not ended for purposes of Rooker-Feldman when an appeal from the state court judgment remains pending at the time the plaintiff commences the federal court action."). Because the state court proceedings were still pending at the time Han filed this federal case, Rooker-Feldman does not apply.

## II.

Han claims that the administrative action taken against him by the FDEP

3

was a violation of the Double Jeopardy Clause of the constitution and that the district court's grant of Defendants' motion to dismiss was improper. We review "the grant of a motion to dismiss under [Fed. R. Civ. P.] 12(b)(6) for failure to state a claim de novo, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. The interpretation of a statute is a purely legal matter and therefore subject to the de novo standard of review." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009) (citations and quotation omitted).

The Double Jeopardy Clause provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Supreme Court has held that the Double Jeopardy Clause "protects only against the imposition of multiple *criminal* punishments for the same offense." See Hudson v. United States, 522 U.S. 93, 98-99, 118 S.Ct. 488, 493, 139 L.Ed.2d 450 (1997) (internal citations omitted) (emphasis in original).

The fact that the sanction in question was an administrative action is prima facie evidence that it was a civil in nature. See Cole v. U.S. Dep't of Agric., 133 F.3d 803, 806 (11th Cir. 1998) (internal citation omitted). The analysis of whether a civil penalty qualifies as criminal punishment is contingent on "whether the statutory scheme was so punitive either in purpose or effect, as to transform what

4

was clearly intended as a civil remedy into a criminal penalty." Id. "Only the clearest proof" will suffice to transform what was denominated a civil penalty into a criminal one. Id. (internal citation omitted).

The administrative penalty at issue was not so punitive as to render it a criminal punishment. The sanction was a monetary penalty and corrective action and did not involve imprisonment, no finding of scienter was required, and Han offers no proof that the underlying purpose of the penalty was criminal in nature or that the penalty was excessive in relation to a civil purpose. See id. Thus, Han failed to state a claim for relief under the Double Jeopardy Clause of the Fifth Amendment.

## III.

Han argues that the district court improperly considered McDonald's and Fancher's motion to dismiss, despite ordering that the court would not consider it until its deficiencies–failing to contact Han prior to filing the motion and failing to include a memorandum of law–were corrected by an amended document. McDonald and Fancher properly corrected the alleged deficiencies with their amended motion to dismiss by including a memorandum of law and noting that they were exempt from contacting Han because their motion was for judgment as a matter of law. Thus, the court did not err in considering their arguments.

IV.

Han raises, for the first time on appeal, the argument that the magistrate judge exercised erroneous discretion in finding that the administrative actions by the Department were "legitimate." We will not consider an issue not raised in the district court and raised for the first time on appeal. Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).

V.

We review the trial court's grant or denial of a motion for summary judgment de novo, "viewing the record and drawing all reasonable inferences in the light most favorable to the non-moving party." Miller v. Scottsdale Ins. Co., 410 F.3d 678, 680 (11th Cir. 2008) (citation omitted). Summary judgment should be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. The district court did not err in denying Han's motion for default summary judgment because Han failed to state a claim for relief in his second amended complaint. As discussed above, Han did not raise a viable claim under the Fifth Amendment, and he does not argue on appeal that the district court improperly dismissed his Due Process Clause or Equal Protection Clause claims for failure to state a claim. Thus, Han has failed to assert an underlying deprivation of rights on which to base his § 1983 claim.

Upon a thorough review of the record and after careful consideration of the parties' briefs, we affirm.

**AFFIRMED.**