[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14618
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 15, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-02437-JEC


MICHAEL BOURFF,

                                                    Plaintiff - Appellant,

versus

RUBIN LUBLIN, LLC,

                                                    Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____
(March 15, 2012)

Before EDMONDSON and PRYOR, Circuit Judges, and  BOWDRE,[*] District
Judge.

_____

[*]Honorable Karon O. Bowdre, United States District Judge for the Northern District of
Alabama, sitting by designation.

PER CURIAM:

This appeal involves a Fair Dept Collection Practices Act claim in which a "false representation" has been alleged. Michael Bourff appeals the district court's dismissal of his civil action under 15 U.S.C. §1692, the Fair Debt Collection Practices Act ("FDCPA"), for failure to state a claim. The district court concluded that Bourff's claim was covered by the FDCPA but that Bourff did not allege acts that violated the FDCPA. We vacate the dismissal and remand the case for further proceedings.

## Background

This case involves a $195,000 loan by America's Wholesale Lender ("AWL") to Michael Bourff. The loan was evidenced by a note, was used to purchase property in Fulton County, Georgia, and was secured by a deed to the property purchased.[1]

The basics of this case are not in dispute. In April 2009 Bourff failed to make a payment on the loan and caused default under the terms of the note. AWL later assigned the loan and the security deed to BAC Home Loan Servicing, LP

---

[1] Such a loan arrangement is typically called a mortgage.

f/k/a Countrywide Home Loans Servicing, LP ("BAC") for the purpose of collecting on the note. BAC in turn hired defendant law firm, Rubin Lublin, LLC ("Rubin Lublin"), to assist in collection efforts. In late May 2009 Rubin Lublin sent a notice to Bourff stating that they had been retained to help collect on the loan. The notice clearly stated that it was being sent as "NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692[,]" and that it was "AN ATTEMPT TO COLLECT A DEBT." The notice also identified BAC as "the creditor on the above-referenced loan." (Compl. Ex. A.)

Shortly after receiving the notice, Bourff filed this civil action against Rubin Lublin pursuant to the FDCPA. Bourff claimed that the notice sent by Rubin Lublin violated §1692e of the FDCPA by falsely representing that BAC was the "creditor" on the loan, despite entities in BAC's position being specifically excluded from the definition of "creditor" by the language of the FDCPA. Rubin Lublin filed a motion to dismiss under Rule 12(b)(6), and the district court dismissed the action for failure to state a claim under the FDCPA. The district court concluded that BAC was a "creditor" according to the ordinary meaning of the term and that, even if BAC was no creditor, the error in listing it as such was a harmless mistake in the use of the term because BAC had the power to foreclose on the property or otherwise to act as the creditor on the loan. (Order 11.)

Standard of Review

We review the grant of a motion to dismiss de novo; and in so doing, we accept the allegations in the complaint as true while construing them in the light most favorable to the Plaintiff.  Powell v. Thomas, 643 F.3d 1300, 1302 (11th Cir. 2011).  The interpretation of a statute is likewise reviewed de novo as a purely legal matter.  Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)).  Stating a plausible claim for relief requires pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged": which means "more than a sheer possibility that a defendant has acted unlawfully." Id.

## DISCUSSION

The FDCPA limits what is acceptable in attempting debt collection.  The FDCPA applies to the notice here in question because the notice was an attempt at

debt collection. The notice stated that Rubin Lublin had been retained to "collect the loan," stated in bold capital letters that it was "an attempt to collect a debt," and advised Bourff to contact Rubin Lublin to "find out the total current amount needed to either bring your loan current or to pay off your loan in full." (Compl. Ex. A.)

The FDCPA, among other things, mandates that, as part of noticing a debt, a "debt collector" must "send the consumer a written notice containing" -- along with other information -- "the name of the creditor to whom the debt is owed[.]" 15 U.S.C. §1692g(a)(2). In addition, the Act prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The use of "or" in §1692e means that, to violate the FDCPA, a representation by a "debt collector" must merely be false, or deceptive, or misleading. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed.

Plaintiff claims that Rubin Lublin violated the prohibition on "false, deceptive, or misleading representation[s]" by falsely stating in its collection notice that BAC was the "creditor" on Bourff's loan. The identity of the "creditor" in these notices is a serious matter. For the FDCPA, "creditor" is

5

defined this way:

> "The term 'creditor' means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. §1692a(4).

Plaintiff's complaint alleges that Bourff defaulted on the loan in April 2009 by failing to tender the required monthly payment. The complaint further alleges that BAC "received an assignment of the security deed and debt on June 19, 2009 . . ., while the Plaintiff's loan was in default, for the purpose of facilitating collection of such debt for another, presently unknown, entity." (Compl. ¶13) Accepting Plaintiff's allegations as true and construing them in the light most favorable to the Plaintiff, the statement on the May 2009 notice that BAC was Plaintiff's "creditor" was a false representation and was made by a "debt collector" as defined in §1692a of the FDCPA.

The FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person..." for potential damages and costs. 15 U.S.C. §1692k(a). The complaint on its face, taken as true and viewed in the light most favorable to Plaintiff, states a claim

upon which relief may be granted under the FDCPA.  As such, we vacate the dismissal and remand this case to the district court for further proceedings.

VACATED and REMANDED.