[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14619

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 30, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-02598-JEC

JONI LEE SHOUP,
on behalf of herself and all others similarly situated,

Plaintiff - Appellant,

versus

MCCURDY & CANDLER, LLC,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 30, 2012)

Before DUBINA, Chief Judge, CARNES, Circuit Judge, and FORRESTER,[*]
District Judge.

_____

[*]Honorable J. Owen Forrester, United States District Judge for the Northern District of
Georgia, sitting by designation.

PER CURIAM:

Joni Shoup filed a lawsuit against McCurdy & Candler, LLC alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e. The district court dismissed her complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and Shoup appeals, contending that her complaint stated a valid claim for statutory damages under the FDCPA because McCurdy & Candler's initial communication letter falsely said that its client, Mortgage Electronic Registration Systems, Inc. (MERS), was Shoup's "creditor."

I.

Shoup bought a home in Georgia in 2003. To finance her new home, she entered into a mortgage contract with America Wholesale Lender. The contract stated that America Wholesale Lender was the "Lender," but it also described MERS as "the grantee under" the mortgage contract and as "a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns."

Shoup defaulted on her mortgage, and MERS' law firm, McCurdy & Candler, sent Shoup an initial communication letter. That letter was entitled, "NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT 15 USC 1692," and stated that its purpose was "an attempt to collect a debt." The letter identified MERS as "the <u>creditor on the above referenced loan</u>." (Emphasis

2

added.)

Soon after receiving that letter, Shoup filed a complaint against McCurdy & Candler under the FDCPA. She alleged that MERS is not a "creditor" as defined in the FDCPA because it did not offer or extend credit to Shoup and she does not owe MERS a debt. Instead, according to the complaint, MERS is "a company that tracks, for its clients, the sale of promissory notes and servicing rights." Shoup, therefore, alleged that McCurdy & Candler violated the FDCPA by falsely stating in the initial communication letter that MERS was Shoup's "creditor."[1]

McCurdy & Candler filed a motion to dismiss under Rule 12(b)(6), which the district court granted. Finding that MERS was a "creditor" under the FDCPA, the court concluded that Shoup's complaint did not state a claim for statutory damages under the FDCPA. The court also concluded that, even if MERS was not a "creditor," calling MERS one was harmless. This is Shoup's appeal.

II.

We review de novo the grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." Belanger v. Salvation

---

[1] Shoup also brought her claim on behalf of a putative class and sought class certification. The district court did not rule on that issue, so it is not before us on appeal.

3

Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a plausible claim for relief, and 'a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Sinaltraninal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)) (alteration omitted). We also review de novo matters of statutory interpretation. Belanger, 556 F.3d at 1155.

Under the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, which includes "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," id. § 1692e(10). The statute defines "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." Id. § 1692a(4). And "[t]he FDCPA provides that 'any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person' for [actual and statutory] damages and costs." Bourff v. Lublin, __ F.3d __, slip op. at 6, No. 10-14618 (11th Cir.

4

Mar. 15, 2012) (quoting 15 U.S.C. § 1692k(a)).

Our decision in this case is controlled by our recent decision in Bourff. In that case a law firm sent a letter to the plaintiff in "AN ATTEMPT TO COLLECT A DEBT." Id. at __, slip op. at 3 (quotation marks omitted). That letter identified a loan servicer as "the creditor on the above-referenced loan." Id. at __, slip op. at 3 (quotation marks omitted). The plaintiff's complaint alleged that the loan servicer was not a "creditor" under the FDCPA, id., and that the law firm violated the FDCPA's "prohibition on false, deceptive or misleading representations by falsely stating in its collection notice that [the servicer] was the 'creditor' on [the plaintiff's] loan," id. at __, slip op. at 5 (some quotation marks omitted). The allegation that the loan servicer was not a "creditor" was enough to state a plausible claim for relief under the FDCPA. Id. at __, slip op. at 6–7.

Here, viewing the allegations in the complaint in the light most favorable to Shoup, she has alleged that MERS did not offer or extend credit to her and that she does not owe a debt to MERS. Because the FDCPA defines a "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed," 15 U.S.C. § 1692a(4), Shoup has alleged that MERS is not a "creditor" under the FDCPA. Finally, because the complaint alleges that McCurdy & Candler's initial communication letter falsely identified MERS as her "creditor," the complaint

5

states a plausible claim for relief under the FDCPA.  See <u>Bourff</u>, __ F.3d at __, slip op. at 6–7.  And because the FDCPA provides a claim for statutory damages based on any violation of the statute, <u>see</u> 15 U.S.C. § 1692k(a)(2), McCurdy & Candler's alleged violation of the FDCPA is not harmless.  See <u>Muha v. Encore Receivable Mgmt., Inc.</u>, 558 F.3d 623, 629 (7th Cir. 2009) ("Were the plaintiffs seeking actual damages rather than just statutory damages, they would have to present some evidence that they were misled to their detriment."); <u>Baker v. G.C. Servs. Corp.</u>, 677 F.2d 775, 780 (9th Cir. 1982) ("The statute clearly specifies the total damage award as the sum of the separate amounts of actual damages, statutory damages and attorney fees.  There is no indication in the statute that award of statutory damages must be based on proof of actual damages.").  The district court erred in dismissing Shoup's complaint under Rule 12(b)(6).

**REVERSED AND REMANDED.**