[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10347
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cv-01428-MHS

JEAN A. SAINT VIL,
GUIRLANDE SAINT VIL,

Plaintiffs-Appellants,

versus

PERIMETER MORTGAGE FUNDING CORPORATION,
WELLS FARGO BANK, N.A.,
FEDERAL HOME LOAN MORTGAGE CORPORATION,
FEDERAL NATIONAL MORTGAGE ASSOCIATION,
SHAPIRO, SWERTFEGER & HASTY, LLP,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 30, 2015)

Before MARCUS, WILLIAM PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

In May 2014, Jean and Guirlande Saint Vil filed a pro se lawsuit raising various claims related to the foreclosure of their home.  This appeal concerns an order dismissing their complaint for failure to state a claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 and denying as moot their motions for a declaratory judgment.[1]  Upon review of the record and consideration of the parties' briefs, we affirm the dismissal of the FDCPA claims, but we reverse the denial of the motions for a declaratory judgment.

I.

The Saint Vils first argue that they sufficiently alleged that defendants Wells Fargo and Shapiro, Swertfeger & Hasty, LLP (SSH) acted as debt collectors under the FDCPA when foreclosing on the Saint Vils' property.  Wells Fargo argues that the FDCPA does not apply because the bank was attempting to collect a debt owed to itself rather than to another.  SSH argues that its involvement was limited to sending two statutorily required foreclosure notifications.

We review de novo the grant of a motion to dismiss, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff."  Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1215 (11th Cir. 2012) (quotation omitted).  A complaint must include a short and

---

[1] While the Saint Vils named several parties in their complaint, the district court found that they served only two defendants and dismissed the claims against the others.  The Saint Vils have not appealed this ruling.

2

plain statement of the claim showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2).

Though the complaint does not need to make detailed factual allegations, it may

not merely recite the elements of the cause of action in a formulaic or conclusory

way.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65

(2007).  Instead, factual allegations must establish a sufficient basis for the court to

reasonably infer liability.  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937,

1949 (2009).

The FDCPA prohibits debt collectors from using "unfair or unconscionable

means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  In order to

state a plausible FDCPA claim, "a plaintiff must allege, among other things, (1)

that the defendant is a 'debt collector' and (2) that the challenged conduct is related

to debt collection."  Reese, 678 F.3d at 1216.   A debt collector is anyone whose

principal business is the collection of debts or the enforcement of security

instruments or anyone who regularly attempts to collect debts owed to another.  15

U.S.C. § 1692a(6).  Expressly excluded from this definition is anyone attempting

to collect a debt owed to another "to the extent such activity. . . concerns a debt

which was not in default at the time it was obtained."  Id. § 1692a(6)(F).

The Saint Vils' complaint alleged that Wells Fargo became the servicer of

their loan in 2006.  The complaint also alleges that the Saint Vils continued to

make monthly payments on the loan until 2013 and that they never defaulted.

3

Taking these allegations as true, Wells Fargo's activities "concern[ed] a debt which was not in default at the time it was obtained." Id.  While it is true that the complaint also alleged that Wells Fargo later acted like the debt was in default, this allegation is based on communications from the bank that began in July 2013.  On this record, the district court correctly found that any claim in the complaint against Wells Fargo was not cognizable under the FDCPA.[2]

With respect to SSH, the complaint alleges that the law firm published two Notices of Sale Under Power announcing foreclosure proceedings.  The Saint Vils substantiated this allegation by attaching the two notices, and we treat those notices as part of the complaint.  See Reese, 678 F.3d at 1216.  This allegation, then, is that SSH engaged in conduct that might be debt collection.  But for the separate requirement that the defendant must be a debt collector, see id., the complaint simply recites that SSH was a debt collector.  The complaint offers no allegations about whether SSH's principal purpose of business was collecting debts or enforcing security interests or whether it routinely collected debts.  But even if we accept the general allegation that SSH is a debt collector, the complaint did not establish that SSH's alleged conduct was "related to debt collection." Reese, 678 F.3d at 1216.

---

[2] The complaint also does not allege that anyone thought the loan was in debt when Wells Fargo obtained it.  For this reason, we need not analyze whether § $1692a(6)(F)(iii)$ applies when a bank assumes a debt "thought to be in default," as the Sixth Circuit did in Bridge v. Ocwen Fed. Bank, FSB, 681 F.3d 355 (6th Cir. 2012), and as the Saint Vils ask us to consider.

This Court has previously held that a law firm's communications made in the course of foreclosing on a mortgage can qualify as debt collection. See id. at 1217; Bourff v. Rubin Lublin, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012) (per curiam). But unlike the communications in those cases, SSH's notices did not demand payment of any underlying debt. They simply provided notice of the foreclosure, as required by Georgia law. See O.C.G.A. § 44-14-162.2. The notices referenced the underlying debt only to explain that Wells Fargo "has declared the entire amount of [the] indebtedness due and payable." The notices did not state a money amount, request payment, or explain how the debt could be settled.

To compare, one of the communications in Reese stated that the "Lender hereby demands full and immediate payment of all amounts due." 678 F.3d at 1215. That notice also threatened that "unless you pay all amounts due and owing under the Note," attorney's fees "will be added to the total amount for which collection is sought." Id. The notice in Bourff stated that the sender had been hired to "collect the loan" and advised the recipient to contact the sender to "find out the total current amount needed to either bring your loan current or to pay off your loan in full." 674 F.3d at 1241.

We recognize that both notices issued by SSH stated in the last line that the law firm was "acting as a debt collector." The same was true of the notices in Bourff, 674 F.3d at 1240, and Reese, 678 F.2d at 1217. But "[d]efinitions belong

5

to the definers, not the defined." United States v. Contreras, 739 F.3d 592, 596 (11th Cir. 2014) (quoting Toni Morrison, Beloved 190 (1987)).  The question in deciding whether a law firm acted as a debt collector is not simply what the firm called itself but rather whether the firm acted as a debt collector as that term is defined by the statute.  Although the way the firm described itself can be one factor in deciding whether the statute's definition applies, it does not end the inquiry.  If SSH had taken other action that could be interpreted as trying to induce payment of the debt, like threatening additional penalties or fees, hounding the Saint Vils for payment, proposing alternatives to immediate or full payment, or even just telling the Saint Vils the amount they needed to pay, then the firm might have been acting as a debt collector under the FDCPA.  But sending just the statutorily required notice of foreclosure was not enough.

## II.

The Saint Vils next argue that the district court improperly applied the abstention doctrine to their motion for a declaratory judgment that Georgia's foreclosure statute was void for vagueness.  They acknowledge that "the court never used the word 'abstention'" but argue that its ruling "was in every respect an abstention."  In fact, the district court did not apply the abstention doctrine.  Rather, the court dismissed this motion as moot after holding that it lacked subject-matter jurisdiction over the claim underlying the motion.  The Saint Vils do not

expressly dispute this jurisdictional finding on appeal.  Instead, their appellate brief focuses on abstention and reiterates the merits of their vagueness claim.  But a review of the brief makes clear that the Saint Vils raised a federal question and that the district court had jurisdiction over it.

The Saint Vils moved for declaratory judgment based on both Georgia law and the federal Declaratory Judgment Act, 28 U.S.C. § 2201.  Because the Declaratory Judgment Act does not establish federal jurisdiction on its own, a claim based on this statute must "allege facts showing that the controversy is within the court's original jurisdiction."  Household Bank v. JFS Grp., 320 F.3d 1249, 1253 (11th Cir. 2003).  In dismissing the claims underlying the Saint Vils' motion for declaratory judgment, the district court explained that "plaintiffs have not alleged any facts showing that the controversy asserted pursuant to the Declaratory Judgment Act is within the Court's original jurisdiction."  SSH seems to adopt this argument on appeal, asserting that "the Amended Complaint does not disclose a due process challenge under the U.S. Constitution."

We cannot agree.  The complaint alleges that Georgia's foreclosure statute is unconstitutionally vague.  It then compares the statute to the Pennsylvania law that the Supreme Court invalidated in Giaccio v. Pennsylvania, 382 U.S. 399 (1996), as well to a statute that the Georgia Supreme Court held "did not violate the due process protections of the U.S. and Georgia Constitutions."  On appeal, the Saint

Vils have briefed the basis for federal-question jurisdiction over this claim, explaining that they "challenge the constitutionality of a state statute as in violation of their due process rights under the United States Constitution." Specifically, they allege that Georgia law defines the legal basis for foreclosure so vaguely that homeowners can lose property without the due process guaranteed by the Fourteenth Amendment. This claim raises a federal question.

Even if the district court believed this claim lacked merit, a lack of merit does not equate the failure to raise a federal question. We have held that "dismissal of a federal-question claim for lack of subject-matter jurisdiction is 'justified only if that claim were so attenuated and unsubstantial as to be absolutely devoid of merit, or frivolous.'" Household Bank, 320 F.3d at 1254 (quoting Baker v. Carr, 369 U.S. 186, 199, 82 S. Ct. 691, 700 (1962)). The district court did not decide that the Saint Vils' constitutional claim was "absolutely devoid of merit, or frivolous." Rather, the court erroneously decided that the claim did not arise under federal law. We must reverse that decision.

### III.

The district court correctly decided that the Saint Vils did not allege any plausible FDCPA claims. We affirm this holding. Once the district court made this finding, it was entitled to dismiss any additional claims that relied upon supplemental jurisdiction based on the FDCPA claims. It could also deny as moot

8

any motions based on such dependent claims.  But the Saint Vils' motion for a declaratory judgment that Georgia's foreclosure statute is unconstitutional was not based on a dependent claim.  That motion is clearly based, at least in part, on independent federal claims.  We reverse the denial of that motion and remand for further proceedings consistent with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**