[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12032

Non-Argument Calendar

_____

JENNIFER BOATWRIGHT,

Plaintiff-Appellant,

*versus*

FLORIDA CREDIT UNION,
A Federally Insured State-Chartered
Credit Union,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

D.C. Docket No. 1:21-cv-00067-MW-GRJ

_____

Before WILSON, LUCK, and TJOFLAT, Circuit Judges.

PER CURIAM:

Jennifer Boatwright appeals from the District Court's grant of Florida Credit Union's motion to dismiss. She argues that, although her charge of discrimination was untimely filed with the Equal Employment Opportunity Commission (the "EEOC"), she was entitled to equitable tolling because extraordinary circumstances, specifically COVID-19, prevented her from timely filing the EEOC charge.

We review the grant of a motion to dismiss under Rule 12(b)(6) *de novo*, accepting the allegations in the complaint as true while construing them in the light most favorable to the non-movant. *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1240 (11th Cir. 2012) We review *de novo* whether equitable tolling applies, but we review for clear error a district court's factual findings on equitable tolling. *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1153 (11th Cir. 2005).

Before filing an ADEA action, a plaintiff in a deferral state such as Florida must first file a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1); *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002). Only alleged discriminatory acts arising within 300 days prior to the filing of the charge are

actionable. *Joe's Stone Crabs, Inc.*, 296 F.3d at 1271.  The plaintiff has the burden of establishing that he filed a timely charge of discrimination.  *See Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982).

Timely filing a charge of discrimination is not a jurisdictional prerequisite, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.  *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S. Ct. 1127, 1132 (1982).  Nevertheless, we have held that traditional equitable tolling principles require a claimant to justify her untimely filing by a showing of extraordinary circumstances.  *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007).

The plaintiff must establish that tolling is warranted because equitable tolling is an extraordinary remedy which should be extended only sparingly.  *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir.2004).  In addition to a showing of extraordinary circumstances, a plaintiff must show that the delay in filing was unavoidable, even if the plaintiff acted with diligence.  *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 458 (1990) ("[w]e have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving [her] legal rights")).

Here, the District Court did not err in granting Florida Credit Union's motion to dismiss because Boatwright admitted that her EEOC charge was untimely filed.  Further, the District

Court did not err in determining that Boatwright was not entitled to equitable tolling because she failed to show that the delay in filing was unavoidable had she acted diligently. Boatwright was terminated in January 2022, but did not attempt to file a charge with the EEOC until November 2022—over ten months later. Boatwright understood that there was a deadline for filing her charge of discrimination with the EEOC, and she stated that there was no reason she waited to sign the charge until November 8, 2020, despite meeting with her attorney as early as the week she was terminated. Nor was Boatwright's attorney diligent. When he attempted to file Boatwright's charge with the EEOC, he attempted to do so using a method inconsistent with the EEOC's filing instructions. Namely, as opposed to using the EEOC portal to schedule an intake interview, as the EEOC website clearly instructed, Boatwright's attorney sent her charge via FedEx, though the website stated that its physical officers were closed.

Accordingly, we affirm the District Court's grant of Florida Credit Union's motion to dismiss.

**AFFIRMED.**