[PUBLISH]

# In the
# United States Court of Appeals
## for the Eleventh Circuit

_____

No. 22-11355

_____

ELIEZER TAVERAS,
VALERIA ROSA TAVERAS,

Plaintiffs-Appellants,

*versus*

BANK OF AMERICA, N.A.,
SERVIS ONE, INC., d.b.a.
BSI FINANCIAL SERVICES,
CHRISTIANA TRUST, a division of
Wilmington Savings Fund Society,
FSB, not in its individual capacity,
but as trustee of ARLP Trust 4,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cv-00189-WWB-EJK

———————————

Before JORDAN, ROSENBAUM, Circuit Judges, and MANASCO, District Judge.[*]

MANASCO, District Judge:

This appeal presents the question whether a district court abused its discretion by abstaining from exercising federal jurisdiction pending the conclusion of a related state case. This case arises out of a dispute concerning the validity of a mortgage and an allegedly fraudulent promissory note purportedly secured by a parcel of real property located at 7706 Excitement Drive, Kissimmee, Florida 34747 ("the Property"). Appellants Eliezer and Valeria Taveras purchased the Property in 2006, and the Property is subject to an ongoing Florida state court foreclosure proceeding that has been pending since 2016.

The district court determined that the Taverases' federal claims should be stayed until conclusion of the state foreclosure case under the *Colorado River* abstention doctrine. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). On

———————————

[*] The Honorable Anna M. Manasco, U.S. District Judge for the Northern District of Alabama, sitting by designation.

appeal, Mr. and Mrs. Taveras raise two issues: (1) whether the district court abused its discretion by abstaining from exercising jurisdiction under *Colorado River* and staying the federal case, pending conclusion of the state court foreclosure case; and (2) whether the district court erred by denying the Taverases' motion to amend the complaint.

After careful consideration and with the benefit of oral argument, we affirm.

## BACKGROUND

This appeal arises out of the most recent in a series of lawsuits litigating the validity of a mortgage and an allegedly fraudulent promissory note secured by the Property. The Property was the subject of an unsuccessful foreclosure action in 2008. Then in 2014, the Taverases filed a declaratory action in Florida state court against appellee Christiana Trust ("the Trust"), seeking a declaration that the mortgage on the Property was null and void. *Taveras v. Christina* [sic] *Tr.*, No. 2014 CA 002620 MF (9th Cir. Ct. Fla. Aug. 28, 2014). Mr. and Mrs. Taveras obtained a default declaratory judgment in the 2014 state case, and a state court appeal followed.

The Taverases allege that, in June 2015, appellee Bank of America, N.A. ("BANA"), manufactured a false promissory note ("the Note") to represent a security interest as a mortgage on the Property. The Note was purportedly executed by Valeria Taveras in September 2006 and documented a promise to pay $960,000. Mr. and Mrs. Taveras allege that a BANA employee endorsed the fraudulent Note; an employee of appellee Servis One, Inc., d.b.a. BSI

Financial Services ("BSI"), executed a supporting affidavit with false statements about Mrs. Taveras's signature on the note; and the Trust then used the false Note and affidavit to vacate the declaratory judgment.

Mr. and Mrs. Taveras ultimately agreed to dismiss the state court declaratory judgment action. They allege that this decision was based on various false representations by the appellees that induced them to believe the Trust held a valid note and that the Taverases would therefore not succeed in the declaratory judgment action. Mr. and Mrs. Taveras dismissed the declaratory judgment action in March 2016, and the appellate court reversed the declaratory judgment.

In April 2016, the Trust commenced a foreclosure action against Mr. and Mrs. Taveras in Florida state court, seeking to enforce the Note and foreclose on the Property. *U.S. Bank Nat'l Ass'n v. Taveras*, No. 2016 CA 000916 MF (9th Cir. Ct. Fla. Apr. 1, 2016). [1] Mr. and Mrs. Taveras have raised multiple defenses, including that the Note is fraudulent and that Mrs. Taveras's signature on the Note is forged. The state foreclosure case has been litigated extensively, including counterclaims, cross claims, discovery, motion practice, removal to federal court by the Taverases, and subsequent

---

[1] In July 2017, the Trust assigned the mortgage to U.S. Bank, N.A., as trustee, who then took the place of the Trust as plaintiff in the state foreclosure case. U.S. Bank is not a party to this appeal.

remand to state court. The foreclosure proceeding is ongoing and, as represented at oral argument, is set for trial in November 2023.

In August 2019, the Taverases filed the first of three federal actions against the three appellees. *Taveras v. Bank of Am., N.A.*, No. 6:19-cv-01469-EJK (M.D. Fla. Aug. 8, 2019). Mr. and Mrs. Taveras asserted claims for violations of federal and Florida RICO statutes, among other claims, and also sought a declaration that they were not liable on the Note. In May 2020, the district court dismissed that suit without prejudice on *Colorado River* grounds and directed the Taverases to wait until conclusion of the state foreclosure action to refile their case if appropriate. The Taverases did not appeal.

Notwithstanding that directive, Mr. and Mrs. Taveras commenced a second federal action against the Appellees in June 2020. *Taveras v. Bank of Am., N.A.*, No. 6:20-cv-00973-WWB-EJK (M.D. Fla. June 8, 2020). The second action was dismissed in September 2020 without prejudice for failure to file a case management report. The Taverases did not appeal.

On January 27, 2021, Mr. and Mrs. Taveras commenced the underlying case, their third federal action. This case alleges claims for (1) fraud in the inducement related to the initial state court declaratory judgment action; (2) violation of the federal civil RICO statute; (3) violation of the Florida civil RICO statute; (4) violation of a Florida statute prohibiting the recording of false or fraudulent documents in official records; and (5) declaratory and injunctive relief. Like the first federal case, this third action recounts the Taverases' purchase of the Property; the events of the 2014 state

declaratory judgment action, including the alleged fraudulent creation and use of the Note; and the assignment of the mortgage and Note.

The appellees moved to dismiss the complaint, based in part on the argument that the district court should abstain from exercising jurisdiction under *Colorado River*. While the motions to dismiss were pending, Mr. and Mrs. Taveras moved for leave to amend the complaint. The proposed amended complaint provides some additional details and clarifies certain aspects of the original complaint, but both the original complaint and the proposed amended complaint involve the same core facts and issues.

In November 2021, the magistrate judge entered a Report and Recommendation regarding the motions to dismiss and the motion for leave to amend the complaint. The magistrate judge concluded that (1) the third federal suit was substantially similar to the state foreclosure action; (2) abstention under *Colorado River* was warranted; and (3) the motion for leave to amend the complaint should be denied as futile, because the amendment would not affect the abstention analysis. The Taverases objected to the Report and Recommendation.

Adopting in part the magistrate judge's Report and Recommendation, the district court granted the motions to dismiss in part by staying the case under *Colorado River* until the conclusion of the state foreclosure case, but declining to dismiss the claims. The district court also denied the motion for leave to amend the complaint. The district court adopted most of the magistrate judge's

findings regarding the similarity between the federal and state cases, the weight of each *Colorado River* factor, and the futility of the proposed amendments to the complaint. The district court reasoned that the validity of the Note is central to the claims in both the state and federal cases, and the claims are therefore substantially similar even though they are not identical. The district court reasoned that while the parties to the state and federal actions are not identical, they are substantially similar. The district court considered each of the *Colorado River* abstention factors and concluded that they weighed in favor of abstention. The district court determined that allowing Mr. and Mrs. Taveras leave to amend their complaint would not change the *Colorado River* analysis.

The Taverases moved the district court to reconsider the stay and denial of leave to amend. The district court denied the motion for reconsideration, and this appeal followed.

## STANDARD OF REVIEW

We review a district court's decision to abstain from exercising jurisdiction pursuant to *Colorado River* for abuse of discretion. *Jackson-Platts v. Gen. Elec. Cap. Corp.*, 727 F.3d 1127, 1133 (11th Cir. 2013). "A district court will abuse its discretion if it makes an error of law or makes a clearly erroneous factual finding." *Id.*

Although we ordinarily review district court orders denying leave to amend a complaint for abuse of discretion, *Andrx Pharms., Inc. v. Elan Corp.*, 421 F.3d 1227, 1236 (11th Cir. 2005), we review such decisions *de novo* when "the denial is based on a legal

determination that amendment would be futile," *Gonzalez v. City of Deerfield Beach*, 549 F.3d 1331, 1332–33 (11th Cir. 2008).

*Pro se* pleadings, such as those filed by Mr. and Mrs. Taveras, "are held to a less stringent standard" and should be "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

## DISCUSSION

### I.    Abstention Under *Colorado River*

The district court did not abuse its discretion when it abstained under *Colorado River*, pending conclusion of the related state court foreclosure action.

Abstention is a determination that the district court "should abstain from exercising their jurisdiction." *Ambrosia Coal & Constr. Co. v. Morales*, 368 F.3d 1320, 1327 (11th Cir. 2004). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River*, 424 U.S. at 813. District courts have a duty to adjudicate the controversies before them, and abstention "is an extraordinary and narrow exception." *Id.* (cleaned up). A pending state court case ordinarily does not bar a federal case concerning the same dispute, and the potential for conflicting adjudications, standing alone, is not enough to justify abstention. *Id.* at 816–17. In limited and exceptional circumstances, certain principles of "wise judicial administration" do permit district courts to "dismiss a federal suit due to the presence of a concurrent state proceeding." *Id.* at 818.

As a threshold matter, *Colorado River* abstention allows a federal court to stay a case only "when federal and state proceedings involve substantially the same parties and substantially the same issues." *Ambrosia Coal*, 368 F.3d at 1330. The issues and parties do not have to be identical to be substantially similar; if the standard required identical issues and parties, a party could easily circumvent abstention with creative pleading. *Id.* at 1329–30.

Once a court has determined that the proceedings involve substantially similar issues and parties, the court must weigh six factors to decide whether to abstain:

> (1) whether one of the courts has assumed jurisdiction over property,
> (2) the inconvenience of the federal forum,
> (3) the potential for piecemeal litigation,
> (4) the order in which the fora obtained jurisdiction,
> (5) whether state or federal law will be applied, and
> (6) the adequacy of the state court to protect the parties' rights.

*Id.* at 1331. Courts may also consider "the vexatious or reactive nature of either the federal or the state litigation" as part of their abstention inquiry. *Id.* (cleaned up).

These factors and considerations are not a "mechanical checklist," and "the abstention inquiry must be 'heavily weighted in favor of the exercise of jurisdiction.'" *Id.* at 1332 (quoting *Moses*

*H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)). No single factor is determinative, and the weight given to individual factors may vary from case to case. *Id.* "One factor alone can be the sole motivating reason for the abstention." *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 997 (11th Cir. 2004).

Here, the district court did not abuse its discretion in finding that the federal and state proceedings involve substantially similar issues and parties, and that the *Colorado River* factors weigh in favor of abstention.

## A. Substantially Similar Proceedings

As to the threshold inquiry of substantial similarity, the issues are substantially similar, even though they are not identical. The claims in both the federal and state cases depend upon the validity of the Note and the existence of a lien on the Property. The federal action asks the court to declare that Valeria Taveras has no liability under the Note and to enjoin the appellees from enforcing the Note, and those same issues are at the heart of the state foreclosure case.

The parties to both actions are also substantially similar. The state foreclosure action was initiated by the Trust; the Trust's successor in interest has now been substituted for the Trust as the plaintiff, but the Trust remains a party as a counterclaim defendant. Mr. and Mrs. Taveras and BANA are defendants in the state case. BSI was previously joined as a third-party defendant in the state case, although BSI has since been dismissed. Mr. and Mrs. Taveras, the Trust, BANA, and BSI are all parties to the federal case.

### B. Colorado River *Abstention Factors*

The district court did not abuse its discretion in determining that the *Colorado River* abstention factors, on balance, weigh in favor of abstention. The first and most compelling factor supporting abstention considers the order in which courts assume jurisdiction over property. *See Ambrosia Coal*, 368 F.3d at 1331. "[T]he court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts." *Colo. River*, 424 U.S. at 818.

The nature of foreclosure litigation explains why this first factor weights in favor of abstention. A state foreclosure case is an action *in rem*: "a proceeding against the property 'for the legal determination of the existence of the mortgage lien, the ascertainment of its extent, and the subjection to a sale of the estate pledged for its satisfaction.'" *United States v. Begin*, 160 F.3d 1319, 1321 (11th Cir. 1998) (quoting *United States v. Alvarado*, 5 F.3d 1425, 1429 (11th Cir. 1993)). Thus, the state court assumed jurisdiction over the Property when the state foreclosure case began, nearly five years before this federal suit.

The district court thus did not abuse its discretion in weighing this factor in favor of abstention, reasoning that even though the Taverases' federal claims are broader than the state claims, the federal case cannot be resolved without making "legal conclusions that will directly affect the [P]roperty," over which the state court already has jurisdiction.

The district court also did not abuse its discretion in finding that the third *Colorado River* factor, avoidance of piecemeal

litigation, weighs in favor of abstention. This factor will not weigh in favor of abstention simply because there are concurrent state and federal proceedings that "will likely result in some unremarkable repetition of efforts and possibly some piece-by-piece decision-making." *Ambrosia Coal*, 368 F.3d at 1333. "And this factor does not favor abstention when litigation is inevitably piecemeal." *Jackson-Platts*, 727 F.3d at 1142 (cleaned up). Rather, this factor favors abstention only in "those cases [that] will likely lead to piecemeal litigation that is abnormally excessive or deleterious," such as those raising "property-specific concerns." *Ambrosia Coal*, 368 F.3d at 1333.

Although the claims in the federal and state cases are not identical, inconsistent rulings regarding the Note and Property could create turmoil. And if the state court determines that the Note is valid and that the Property is subject to foreclosure, the Taverases will have no basis for pursuing the remaining claims in either forum, meaning that the state court has the potential to resolve all claims and that the concurrent proceedings are not "inevitably piecemeal."

Finally, the district court did not abuse its discretion in weighing the fourth *Colorado River* factor—the order in which the courts acquired jurisdiction and the relative progress of each case—in favor of abstention. The state case was filed in April 2016, and the federal case was not filed until January 2021. The district court did not comment on this factor, thus implicitly adopting the magistrate judge's finding that the fourth factor supports abstention

since the state case was filed nearly five years before the federal case. Neither the magistrate judge nor the district judge expressly considered the relative progress of the two cases, but the case records clarify that the state case has progressed much further. The federal case is at the initial pleading stage and no discovery has occurred, whereas the state case has included extensive discovery, motions to dismiss, motions for summary judgment, and an upcoming trial setting in November 2023. *See Ambrosia Coal*, 368 F.3d at 1333 (quoting *Moses H. Cone*, 460 U.S. at 21 (measuring the fourth factor not "exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions")).

The district court did not expressly address the fifth factor of whether state or federal law applies, and the magistrate judge weighed this factor in favor of abstention because Florida state law governs the majority of the Taverases' claims. This factor supports abstention in cases involving complex questions of state law that are best left to state courts, and this factor weighs slightly in favor of abstention when a case involves only state law claims. *See Noonan S., Inc. v. Cnty. of Volusia*, 841 F.2d 380, 382 (11th Cir. 1988). However, in instances where a case includes both state and federal claims and both courts are capable of adjudicating both types of claims, this factor does not weigh for or against abstention. *Ambrosia Coal*, 368 F.3d at 1334. Here, the district court did not abuse its discretion in implicitly adopting the magistrate judge's finding that this factor supports abstention since almost all of the claims arise under Florida law. However, this factor should carry little weight

since the state law claims are not novel or complex, and both courts are capable of adjudicating them.

Although the two remaining factors do not weigh in favor of abstention, they also do not weigh against it. The district court did not abuse its discretion in finding that the second *Colorado River* factor—the convenience of the federal forum—does not weigh for or against abstention because the federal and state courts are both located in Central Florida and are therefore equally convenient to the evidence and witnesses. The sixth factor "will only weigh in favor or against abstention when one of the fora is inadequate to protect a party's rights," *id*. at 1334, and the district court did not err in implicitly adopting the magistrate judge's conclusion that neither forum is inadequate the protect the parties' rights in this case.

In sum, the district court did not err in weighing factors one, three, and four in favor of abstention or in finding that factors two and six do not weigh against abstention. The district court also did not abuse its discretion in weighing factor five in favor of abstention, although this factor offers only minimal support. The district court therefore did not abuse its discretion in staying the case under *Colorado River*.

We may also consider "the vexatious or reactive nature of either the federal or the state litigation" as part of the abstention inquiry. *Ambrosia Coal*, 368 F.3d at 1331 (cleaned up). Here, the district court did not err in implicitly adopting the magistrate judge's conclusion that this third federal action, which was filed in violation of a prior district court order, is vexatious and reactive. The

other factors are sufficient to support *Colorado River* abstention without this consideration, but the vexatious nature of the litigation does provide additional support for abstention.

## II.    Denial of Motion for Leave to Amend

Next, Mr. and Mrs. Taveras assert that the district court erred in denying their motion to amend the complaint. "[A] district court may properly deny leave to amend the complaint . . . when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004). When the complaint as amended would still be dismissed, the district court may properly deny a motion for leave to amend as futile. *Id.* at 1263.

Whether Mr. and Mrs. Taveras properly raised this issue on appeal is questionable, even in light of the liberal construction afforded *pro se* filings. They devoted minimal space to the issue in their briefings, their statements are conclusory, and they do not cite any authority to explain their position. Because the Taverases proceed *pro se*, we review the ruling out of an abundance of caution.

The Taverases propose to make several amendments to their complaint, including refining elements of their claims and correcting or removing causes of action. The proposed amended complaint does not change the crux of the dispute (whether the Note is valid and encumbers the Property) and does not change the parties. The new claims (two under Florida state law and one under federal law) do not change the balance of federal and state law claims in a way that impacts the *Colorado River* analysis. The new claims arise from the same facts and, like the claims in the original

complaint, are fraud-based. Like the operative complaint, the proposed amended complaint makes claims that are inextricably connected to the Property and Note at issue in the state foreclosure case. Because *Colorado River* abstention would still be appropriate under the amended complaint, the district court did not err in denying the motion to amend as futile.

## CONCLUSION

We **AFFIRM** the district court's order staying this case until conclusion of the state court foreclosure case and denying the motion to amend the complaint.