[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13039

Non-Argument Calendar

_____

CONRAD JOSEPH JAMES, JR.,

Plaintiff-Appellant,

*versus*

FREEDOM MORTGAGE CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-03097-MHC

_____

Before LUCK, ANDERSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiff Conrad James, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) following a frivolity review. After a careful review of the record and the briefing submitted by Plaintiff,[1] we **AFFIRM**.

## BACKGROUND

On July 13, 2023, Plaintiff filed an application to proceed *in forma pauperis* and a notice of removal in the district court for the Northern District of Georgia. As an exhibit to the notice of removal, Plaintiff attached a complaint he had filed against Defendant Freedom Mortgage Corporation in the Gwinnett County, Georgia Superior Court. *See Conrad Joseph James, Jr. v. Freedom Mortgage Corp.*, Georgia case no. 23-A-01335-2. As best we can determine from the allegations made in and the exhibits attached to the complaint, Plaintiff intended to assert defamation and fraud claims against Defendant, the lienholder on his mortgaged residence in Snellville, Georgia, related to Defendant's foreclosure on the property.

---

[1] Defendant did not submit an appellate brief because the magistrate judge stayed service of process in the case pending the frivolity review, and the case subsequently was dismissed pursuant to the review.

Plaintiff did not, in his notice of removal, set forth a statutory basis for removing his Gwinnett County case to federal court. He checked a box marked "federal question" in the "basis of jurisdiction" section of the civil cover sheet, but he did not identify any legal basis to support the purported federal question. Nor was any basis for asserting federal jurisdiction apparent in the state complaint Plaintiff attached to the notice of removal.

Based on Plaintiff's representations as to his income and expenses, a magistrate judge granted his motion to proceed *in forma pauperis*. The judge then submitted the case to the district court for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). The judge stayed service of process in the case pending the results of the review.

Before the district court had an opportunity to complete the frivolity review, Plaintiff filed an affidavit in which he claimed Defendant had defamed him by spreading rumors about his alleged debt. Plaintiff also claimed in the affidavit that Defendant had used deceptive debt collection practices in violation of 15 U.S.C. § 1611, violated various IRS and other federal regulations, and committed racketeering and fraud in violation of 18 U.S.C. §§ 1961 and 1341.

The district court subsequently determined in the frivolity review that Plaintiff's complaint should be dismissed because his notice of removal was deficient as a matter of law. Citing the federal removal statute, 28 U.S.C. § 1441, the court first noted that the statute allows removal only by a "defendant" named in a state court complaint, not the plaintiff who chose to file the complaint

in state court in the first instance.  Second, the court took judicial notice of the fact that Plaintiff's Gwinnett County case was dismissed on May 1, 2023, and his appeal denied on July 12, 2023, meaning that when Plaintiff filed his notice of removal on July 13, 2023, there was no longer a case pending in state court that could be removed.  Finally, the court determined that Plaintiff had not established federal jurisdiction over any claims asserted in the complaint he sought to remove.  For all these reasons, the court concluded that Plaintiff's attempt to remove his complaint failed as a matter of law and that his notice of removal should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff responded by filing a document titled "Notice of Estoppel, Affidavit, and Stipulation of Constitutional Challenge . . . [and] Motion to Intervene with an Injunction."  To the extent Plaintiff intended this document to be a motion, the district court denied it, noting that the document was simply a list of various provisions of the Georgia Constitution and a restatement of his claim on removal that the court previously had rejected as deficient.

While awaiting the district court's ruling on the document described above, Plaintiff appealed the dismissal of his notice of removal.  In support of the appeal, Plaintiff argues in his appellate brief that the district court violated his due process rights under the Georgia Constitution when it denied his "cease and desist" motion and/or affidavit and when it held that his filing was frivolous without providing a clear explanation.  Further addressing the merits of

his case, Plaintiff claims in his brief that Defendant breached its contract with him and committed fraud by failing to credit Plaintiff's payment toward his mortgage. Relative to these issues, Plaintiff proffers an expert witness to testify as to a mortgage fraud analysis the expert prepared. As to the district court's alleged error, Plaintiff argues there is "insufficient evidence" to dismiss the dispute between himself and Defendant and that the court's findings below were erroneous pursuant to Federal Rule of Civil Procedure 52(a), which applies to a civil action tried without a jury, and 5 U.S.C. § 706(2), which governs judicial review of agency action.

Plaintiff does not address in his appellate brief the basis for the district court's dismissal of his case: a clearly deficient notice of removal. Accordingly, he has abandoned that issue. *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (clarifying that issues not raised in an initial brief on appeal are treated as forfeited, and considered by this Court only in "extraordinary circumstances" not present here). For that reason, and because the district court correctly dismissed Plaintiff's case as frivolous under 28 U.S.C. § 1915(e)(2)(B), we affirm.

## DISCUSSION

### I.    Standard of Review

We review the district court's dismissal of Plaintiff's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B) for an abuse of discretion. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Such an abuse of discretion occurs if the district court "makes an error of law or makes a clearly erroneous factual finding." *Taveras v.*

6                    Opinion of the Court                    23-13039

*Bank of Am., N.A.*, 89 F.4th 1279, 1285 (11th Cir. 2024) (quotation marks omitted).  As a *pro se* litigant, Plaintiff's pleadings "are held to a less stringent standard than pleadings drafted by [an] attorney[] and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  But this leniency does not give a court "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## II.    Analysis

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court is required to dismiss an *in forma pauperis* case *sua sponte* if the court determines that the case (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  The district court dismissed Plaintiff's *in forma pauperis* case after concluding it was frivolous under § 1915(e)(2)(B)(i).  A claim is frivolous for purposes of this provision if it is "without arguable merit either in law or fact." *Bilal*, 251 F.3d at 1349.

The district court held that Plaintiff's notice of removal was meritless as a matter of law, and that dismissal was thus required under § 1915(e)(2)(B)(i).  As noted, Plaintiff abandoned any challenge to that holding he might otherwise have asserted on appeal by failing to address the specific grounds for the court's holding.

23-13039                Opinion of the Court                7

*See Campbell*, 26 F.4th at 873.  Accordingly, we affirm the district court on the ground of abandonment.

We note also that the district court's holding was correct. The right to remove a case to federal court is "purely statutory and therefore its scope and the terms of its availability are entirely dependent" on the terms set out by Congress in the federal removal statute.  *Global Satellite Commc'ns Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004) (quotation marks omitted).  Furthermore, "because removal jurisdiction raises significant federalism concerns," the removal statute is construed strictly.  *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (alteration accepted).  Plaintiff's notice of removal clearly fails to meet the plain language of the federal removal statute, which permits "the <u>defendant</u>" in a civil action brought in state court, in certain circumstances, to remove the action to the federal district court in the "district and division embracing the place where such action is <u>pending</u>."  *See* 28 U.S.C. § 1441(a) (emphasis added).

As the district court pointed out, the removing party here was not the defendant in the state court action referenced in the notice of removal but rather the plaintiff, and the action was no longer pending when the notice of removal was filed.  Thus, the district court did not abuse its discretion when it determined that the notice of removal was legally without merit and thus required to be dismissed under § 1915(e)(2)(B)(i).[2]

---

[2] Having decided that Plaintiff clearly did not satisfy the plain language of the federal removal statute, we need not address the district court's third reason

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's order dismissing Plaintiff's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

for dismissing Plaintiff's case—that is, his failure to allege an adequate ground for asserting federal jurisdiction over the case.