[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-11645

Non-Argument Calendar

————————————————

SANDRA SAFONT,
individually and on behalf of all others similarly situated,

Plaintiff,

THOMAS BARBATO,
YVONNE BARBATO,

Plaintiffs-Appellants,

*versus*

STATE FARM FLORIDA INSURANCE COMPANY,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-22891-KMM

_____

Before ROSENBAUM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Thomas and Yvonne Barbato sued their insurer, State Farm Florida Insurance Company, for breach-of-contract after State Farm paid a claim under the Barbatos' insurance policy but refused to pay interest on the claim. The district court dismissed the complaint with prejudice because it found that suits for the recovery of unpaid interest alone are barred by the limitation against private causes of action in Florida Statute § 627.70131(5)(a).[1] During this appeal, Florida's Fifth District Court of Appeal issued its decision in *Taylor v. State Farm Fla. Ins. Co.*, 388 So. 3d 307 (Fla. 5th Dist. Ct. App. 2024), holding that an insurance policy that contains a standalone, independent obligation to pay interest *can* form the sole basis for a private cause of action that is not precluded by § 627.70131(5)(a). The policy at issue here is identical to the one in *Taylor*, the only Florida appellate decision addressing this issue. In

_____

[1] The Statute was amended in 2021. The relevant interest provision was unchanged, but now appears in a different subsection. *See* Fla. Stat. § 627.70131(7)(a) (2022). The Parties agree that the amendment had no substantive effect on the statute or its applicability to this case. Like the district court below, we refer to the applicable statutory section as (5)(a), even though it is now codified at (7)(a).

light of *Taylor*, the district court's basis for dismissing the complaint in the instant case was incorrect since, under Florida law, the Barbatos' breach of contract claim is a viable, independent cause of action that is not precluded by the limitation in §(5)(a). Because we are bound to follow any changes in a state's decisional law that occur during an appeal, *see McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir. 2002), we vacate the district court's order dismissing the Barbatos' claim. We also deny State Farm's motion to stay the appeal or issue a limited remand.

## I.    BACKGROUND

In 2018, the Barbatos' home was damaged by Hurricane Irma. At the time, the home was covered by a homeowner's insurance policy (the "Policy") that was issued by State Farm. An appraisal resulted in an award of $125,456.02 to the Barbatos in August 2022. After State Farm paid the claim, the Barbatos sued State Farm for breach of contract because the amount that State Farm paid did not include interest.[2] As the Amended Complaint points out, the Policy contained a Loss Payment provision in which State

---

[2] The Barbatos filed their Amended Complaint on November 8, 2022. They alleged that, in breach of the Policy, State Farm "failed to pay the principal amount owed to Plaintiffs pursuant to the Appraisal Award within 15 days" of its issuance, and that Defendant thereafter "fail[ed] to included [sic] in its payments to Plaintiffs any interest . . . from the date [it] received notice of Plaintiffs' claim." Thus, the Barbatos claim they "were entitled to payment of interest as required by the Policy's Loss Payment provision and [Section 627.70131(5)(a)]," but did not receive that interest when Defendants paid the Award.

Farm agreed that "interest will be paid in accordance with Section 627.70131(5) of the Florida Insurance Code. State Farm moved to dismiss the Amended Complaint. The district court granted State Farm's motion and dismissed with prejudice the Barbatos' claim because it found that a cause of action was precluded under Florida Statute § 627.70131(5)(a).

The Barbatos then timely appealed.

## II.    STANDARDS OF REVIEW

We review de novo a Federal Rule of Civil Procedure 12(b)(6) dismissal for failure to state a claim, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009). We also review a district court's interpretation of a statute de novo. *Id*.

## III.    ANALYSIS

On appeal, the Barbatos argue that the district court erred in dismissing their contractual claim based on the statutory limitation in § 627.70131(5)(a). The parties also dispute whether State Farm breached the contract because State Farm argues that it timely paid the claim, such that it did not owe interest in the first place. The district court, however, based its holding exclusively on the finding that the cause of action was barred by §(5)(a)'s limitation.[3] Thus,

---

[3] The district court's order did not address whether there was a breach of contract, which would have required it to determine the effect that the appraisal process had on the timeliness of State Farm's payment of the claim. The district court also noted that resolving whether State Farm complied with its

23-11645            Opinion of the Court                5

the only issue before us is whether the district court erred when it determined that, under Florida law, no cause of action existed in this case.

> Florida Statute § 627.70131(5)(a) reads in relevant part:

> Any payment of an initial or supplemental claim … made 90 days after the insurer receives notice of the claim, or made more than 15 days after there are no longer factors beyond the control of the insurer which reasonably prevented such payment, whichever is later, bears interest at the rate set forth in s.55.03. Interest begins to accrue from the date the insurer receives notice of the claim. The provisions of this subsection may not be waived, voided, nullified by the terms of the insurance policy … *However, failure to comply with this subsection does not form the sole basis for a private cause of action.*

*Id*. (emphasis added).

Pointing to the emphasized language, the district court determined that merely couching a claim as a contract breach does not save it because "Florida courts routinely dismiss similarly styled lawsuits on the subsection's last sentence." The district court relied on the decision of a state trial court that dismissed a claim that was nearly identical to the one here. *See Taylor v. State Farm Fla. Ins. Co.*, No. 16-2020-CA-004553, 2022 WL 3702075 (Fla.

---

obligation to timely pay would involve the "thornier issue of statutory (and contractual interpretation)," but chose not to reach this issue because it found that §(5)(a) was dispositive.

6                     Opinion of the Court                    23-11645

Cir. Ct. Aug. 11, 2022) (dismissing claims), *rev'd*, 388 So. 3d 307 (Fla. 5th Dist. Ct. App. 2024).

During this appeal, Florida's Fifth District Court of Appeal ("DCA") reversed that trial court's decision and rejected its interpretation of §(5)(a). *See Taylor*, 388 So. 3d at 311. The Fifth DCA phrased the question on appeal as "whether the prohibition on a standalone statutory cause of action contained in section 5(a) is broad enough … to also bar a claim based on a breach of the insurance policy." *Id*. at 309. The appellate court answered the question in the negative, holding that an insurance policy containing "a standalone, independent obligation to pay interest *can* form the sole basis for a private cause of action that is not precluded by the statutory limitation on action." *Id*. at 311 (emphasis added).

Here, we are dealing with an identical policy provision and an analogous cause of action based on an alleged breach of that provision. State Farm acknowledges that the Loss Payment language of the policy in *Taylor* is materially identical to the Barbatos' Policy. And in their Amended Complaint, the Barbatos alleged a breach of contract based on State Farm's violation of that Loss Payment provision. As in *Taylor*, the policy here includes "a separate and independent loss payment provision that, like the statute, provided for the payment of interest." *Id*. at 310. And "[t]he only reference to section 5(a) in the loss payment provision simply deals with the manner in which interest will be paid." *Id*. In other words, the Policy makes a promise to pay interest, and the cause of action here is for a breach of that promise. While the Policy states that

23-11645                Opinion of the Court                7

interest will be paid "in accordance with" § (5)(a), under the Fifth DCA's reasoning, that is merely a reference to the manner in which the contractual promise will be performed. It does not, however, serve to nullify State Farm's independent contractual promise to pay interest. *See id.* at 311 (stating that the § (5)(a) limitation "does not limit an insured's ability to bring an action for a failure to perform an express contractual promise to pay interest."). Because we are confronted with facts that are directly analogous to *Taylor*, we are bound by that decision.[4]

---

[4] State Farm notes that, in *Taylor*, the Fifth DCA considered the dismissal order at issue in this appeal and distinguished the facts here from those in *Taylor*. While accurate, the *Taylor* court appears to have assumed that there was no standalone Loss Payment provision in the Barbatos' Policy. *See Taylor*, 388 So. 3d at 310. But unlike the court in *Taylor* who did not review the policy at issue in this case, the Fifth DCA was misguided in distinguishing them, which State Farm concedes. *See* Appellee's Brief at 16 (conceding that the *Taylor* court was incorrect in distinguishing the policies). Indeed, the Barbatos' Policy includes an identical "Loss Payment" provision that states that "interest will be paid in accordance with Section 627.70131(5) of the Florida Insurance Code." *See* Plaintiff's Ex. 1; DE 15-1 at 5. Since the policies are identical, the Policy here like the policy in *Taylor* has an adequate standalone provision. The error by the *Taylor* court can be attributed to the *Taylor* court's reliance on the district court's framing of the Barbatos' cause-of-action. The district court below described the Barbatos' complaint as alleging a "breach of Section 627.70131(5)(a), Fla. Stat., which is explicitly incorporated into the Policy." In other words, the district court below characterized the Barbatos' claim as one based on a breach of the *statute*, rather than a breach of their *contract*. But this framing is belied by a review of the Amended Complaint at issue here. As in *Taylor*, the plaintiffs here alleged a breach of contract based on State Farm's violation of the Policy's Loss Payment provision, which merely referenced §(5)(a). *See* Amended Complaint ¶¶ 38–42.

8                    Opinion of the Court                    23-11645

On appeal, State Farm acknowledges that *Taylor* departs from the precedent that the district court below based its dismissal order on. But State Farm attempts to evade *Taylor*'s grip in several ways.

First, in its initial brief, State Farm argued that *Taylor* should not apply here because, at the time, it was "not final" and State Farm was "planning to seek rehearing in *Taylor* and to point out certain errors in that decision." But State Farm was granted a rehearing in *Taylor*, and it fared no better.[5]

Second, after the Fifth DCA reheard and issued the mandate in *Taylor*, State Farm moved to stay the instant appeal, pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), pending resolution of the *Taylor* litigation that has been remanded back to the Florida trial court. Alternatively, State Farm asks us to remand this case back to the district court for the limited purpose of addressing the motion to stay. We decline State Farm's invitation to stay the appeal or issue a limited remand.

---

[5] The initial Fifth DCA opinion was *Taylor v. State Farm Florida Insurance Co.*, No. 5D-23-0243, 2024 WL 387714 (Fla. 5th Dist. Ct. App. Feb. 2, 2024). At the time of briefing in this appeal, the parties agreed that *Taylor* was not final because State Farm sought rehearing. The Fifth DCA subsequently granted the motion for rehearing, withdrew that opinion, and substituted a new opinion in its place: *Taylor v. State Farm Florida Insurance Co.*, 388 So. 3d 307 (Fla. 5th Dist. Ct. App. 2024). The superseding opinion is what is referenced throughout this opinion.

23-11645            Opinion of the Court                9

*Colorado River* abstention allows us to stay a case only in "limited and exceptional circumstances" where "federal and state proceedings involve substantially the same parties and substantially the same issues." *See Taveras v. Bank of America, N.A.*, 89 F.4th 1279, 1286 (11th Cir. 2024). If there are substantially similar issues and parties, we then weigh six factors to decide whether to abstain. *See id.* In its motion, State Farm spills most of its ink arguing that the six factors weigh in its favor. We need not analyze the six factors, however, because *Taylor* does not involve substantially similar *parties* as to the instant case.

State Farm is the defendant in both cases. As to the plaintiffs, though, State Farm's only argument for substantial similarity is that the *proposed* class in *Taylor* would cover the Barbatos. And the only case that State Farm cites in support of the parties being substantially similar is *Taveras*. 89 F.4th at 1286. In *Taveras*, all of the parties in the federal case were, at one time, also parties in a concurrent state action involving the same issues. *See id.* But the Barbatos are not, and never have been, *parties* in the *Taylor* litigation because no class has been certified in *Taylor*. *See In re Checking Acct. Overdraft Litig.*, 780 F.3d 1031, 1037 (11th Cir. 2015) ("Certification of a class is the critical act which reifies the unnamed class members and, critically, renders them subject to the court's power."). State Farm cites no authority to support the proposition that a yet-to-be-certified class renders all putative members to be parties to the litigation. We therefore refrain from exercising the "extraordinary and narrow exception" of abstention here. *See Taveras*, 89 F.4th at 1286.

Third, and lastly, State Farm contends that "Florida courts routinely reject" claims like the one here and that we should follow the lead of those courts. Instead of *Taylor*, State Farm urges us to apply several other decisions, all but one of which are non-state court cases.

In diversity cases, however, we do not choose which of the forum state's cases to apply. We apply the state's law. When a state's supreme court has not opined on an issue of state law, we must apply the "decisions of the state's intermediate appellate courts unless there is some persuasive indication that the highest court of the state would decide the issue differently." *McMahan*, 311 F.3d at 1080. "That rule is, if anything, particularly appropriate in Florida" because Florida's Supreme Court "has held that 'the decisions of the district courts of appeal represent the law of Florida unless and until they are overruled.'" *Id*. (alterations adopted) (quoting *Pardo v. State*, 596 So. 2d 665, 666 (Fla. 1992)). And particularly relevant here, "we are bound to follow any changes in a state's decisional law that occur during the case." *Id*.

The only Florida appellate decision that the district court's dismissal order cited is *State Farm Florida Insurance Co. v. Silber*, 72 So. 3d 286, 289–90 (Fla. 4th Dist. Ct. App. 2011). On appeal, State Farm urges us to apply *Silber* instead of *Taylor*. State Farm characterizes *Silber* and *Taylor* as conflicting cases from Florida's intermediate appellate courts, such that *Taylor* is not dispositive here. As a preliminary matter, if *Silber* and *Taylor* did conflict, it would still be inappropriate for us to affirm unless persuasive authority indicated

that the Florida Supreme Court would accept one interpretation over the other. State Farm acknowledges this, suggesting that "if this Court has concerns about potentially conflicting Florida decisions (e.g., *Silber* and *Taylor*), it can certify a question of Florida law to the Florida Supreme Court."

More importantly, though, *Taylor* does not conflict with *Silber*. In fact, in *Taylor*, the Fifth DCA expressly distinguished the issue from the one decided in *Silber*. 388 So. 3d at 310. The *Taylor* court found that *Silber* "simply held that insureds cannot move for confirmation of an appraisal award that had already been paid in an attempt to recover attorney's fees." *Id.* In contrast to the issue here and in *Taylor*, the *Silber* opinion did not discuss "whether the insured's breach of policy claim was an independent standalone claim sufficient to withstand section 5(a)'s ban on causes of action." *Id.* The *Taylor* court also noted that *Silber*, in its discussion of §(5)(a), stated that insureds could still pursue a claim if a viable independent cause of action existed. *Id.* (citing *Silber*, 72 So. 3d at 290).

*Taylor* is the only decision of Florida's intermediate appellate courts that addresses the issue in this appeal. Namely, whether an alleged breach of a standalone interest-payment provision creates a basis for a claim that can withstand §(5)(a)'s bar on causes of action. *Taylor* held that §(5)(a) does not bar a cause of action in that instance, because such a claim does not arise out of §(5)(a), but rather arises from the insurer's breach of the contract. In other words, there is a viable independent cause of action. *Taylor* involved facts directly analogous to those here, including an identical

policy provision and a contract claim based on the insurer's alleged breach of that provision. As things currently stand, the Fifth DCA's decision in *Taylor* "represent[s] the law of Florida" and binds us in this case. *See McMahan*, 311 F.3d at 1080 (quoting *Pardo*, 596 So. 2d at 666).

## IV.    CONCLUSION

For these reasons, we vacate the district court's order dismissing the Barbatos' claim and we remand for further proceedings consistent with this opinion. We also deny State Farm's motion to stay the appeal or issue a limited remand.

**VACATED AND REMANDED.**