**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-12000

Non-Argument Calendar

_____

JOSHUA I. MARTINEZ,

*Plaintiff-Appellant,*

*versus*

MAYO CORRECTIONAL INSTITUTION,

*Defendant,*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:24-cv-00021-MW-MAF

_____

Before JILL PRYOR, BRANCH, and TJOFLAT, Circuit Judges.

PER CURIAM:

Joshua Martinez, a prisoner at Mayo Correctional Institute ("MCI"), appeals the District Court's dismissal of his complaint alleging violations of the Equal Protection Clause of the Fourteenth Amendment for failure to state a claim upon which relief may be granted. Reviewing the District Court's order dismissing the complaint de novo, we find that Martinez failed to plead factual allegations sufficient to sustain a claim that is plausible on its face. Accordingly, we affirm.

## I.

On December 10, 2013, Martinez was found guilty of sexual battery on a person less than 12 years of age and sentenced to 78 months' imprisonment followed by 20 years of sex offender probation. While serving his initial sentence, Martinez was found guilty of "preventing or obstructing extinguishment of fire" in violation of Fla. Stat. § 806.10(1) and damaging a sexually violent predator detention or commitment facility in violation of Fla. Stat. § 806.13(5). For these offenses, Martinez was sentenced to an additional 8 years' imprisonment, with a tentative release date of July 6, 2029.

On January 23, 2024, Martinez filed an informal grievance with the MCI mental health division. In his informal grievance, Martinez stated that he was informed that he could not attend sex-offender therapy until he was within twelve months of release. He was especially concerned that his failure to participate in sex offender treatment would negatively affect his chance of early release.

In response, an MCI official informed Martinez that because he had approximately five years left on his sentence, he was not within the time period for the program, and therefore ineligible to participate. However, the official assured him that not participating in the program would not reflect negatively on him since he was not eligible to participate.

Martinez brought this action in the Northern District of Florida seeking a declaration that, among other things, the prison's policy to delay sex-offender treatment until twelve months from release is invidious discrimination in violation of the Fourteenth Amendment's Equal Protection Clause. The District Court dismissed the complaint for failure to state a claim upon which relief may be granted.

Martinez now timely appeals the District Court's order. He argues that the District Court erred in dismissing his complaint because the policy he challenges is not rationally related to the state's penological interests.

## II.

We apply the Federal Rule of Civil Procedure 12(b)(6) standards when reviewing sua sponte dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *Henley v. Payne*, 945 F.3d 1320, 1331 (11th Cir. 2019) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). We review such dismissals de novo, construing the allegations in the complaint as true. *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003) (citing *Mitchell*, 112 F.3d at 1490).

Pro se pleadings are "held to a less stringent standard and should be liberally construed." *Taveras v. Bank of Am., N.A.*, 89 F.4th 1279, 1285 (11th Cir. 2024) (citation modified). However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

### III.

The Equal Protection Clause of the Fourteenth Amendment prohibits states from denying "any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To prevail on an equal protection claim, a plaintiff must show that "(1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis." *Sumrall v. Georgia Dep't of Corr.*, 154 F.4th 1304, 1312 (11th Cir. 2025) (quoting *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318–19 (11th Cir. 2006)).

Pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court clarified in *Ashcroft v. Iqbal* that to survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 127 S. Ct. 1955, 1960

(2007)). Legal conclusions are not "entitled to the assumption of truth," and must be "supported by factual allegations." *Id.* at 679.

Martinez's Statement of Claims section of his complaint is a mere 1.5 pages with only a single paragraph dedicated to his invidious discrimination claim. In that paragraph, Martinez vaguely references the fact that he was discriminated against due to the "nature of his violation," but does not make any factual allegations that he was treated less favorably than a similarly situated prisoner or that the state engaged in discrimination against him on a constitutionally protected basis.

Likewise, in the Statement of Facts section, Martinez devotes a single paragraph to describing the conduct that gave rise to the present action. He asserts that a mental health counselor told him that since he was currently ineligible for treatment, he would have to wait until another prisoner who was eligible began treatment, in which case he could join that prisoner's group.

Neither of these paragraphs contains a single factual allegation relevant to Martinez's invidious discrimination claim. At best, they contain vague legal conclusions and his opinion on MCI's mental health treatment policies. In order to survive dismissal, Martinez would have had to allege facts that support the elements of his claim that similarly situated prisoners were treated more favorably than him and that the state invidiously discriminated against him on a constitutionally protected basis.

**IV.**

Because Martinez failed to present any factual allegations that suggest that prison officials invidiously discriminated against him in violation of the Equal Protection Clause of the Fourteenth Amendment, the District Court did not err in dismissing Martinez's complaint.

**AFFIRMED.**